## MISSOURI PACIFIC RAILROAD CO. *v.* Eddie BOLEY

5-5756                                              477 S.W. 2d 468

Opinion delivered February 14, 1972
[As amended on denial of rehearing April 10, 1972.]

*Smith, Williams, Friday, Eldredge & Clark;* By: *William J. Smith* and *Max C. Mehlburger,* for appellant.

*Huey & Vittitow,* for appellee.

Lyle Brown, Justice. Appellant's train struck and killed two cows on its tracks near Warren, the cows belonging to appellee Eddie Boley. The jury returned a verdict for $300. Missouri Pacific Railroad contends (1) that it was entitled to a directed verdict at the close of all the testimony, and (2) that the trial court erred in giving instruction numbered seventeen.

The only eyewitnesses to the incident were the fireman and engineer. They testified that they had just left Warren that night with a ten-car train; that their speed was about twenty miles per hour in a twenty-five mile an hour zone; and that they were keeping a lookout. They said they had been seeing cattle in this location. "Every day for a week to ten days these cattle had been on the right of way. We had had to stop both ways, coming and going, to chase the cows off." The fireman said that the two headlights were directed straight down

the track and that they did not shine the headlights off to the side. The cows, so they said, came upon the track from the fireman's side and he said he first saw them when they entered upon the track twenty-five or thirty feet before they were struck. Both eyewitnesses said they immediately set the brake, blew the whistle, and rang the bell.

We are unable to say as a matter of law that the railroad company overcame the presumption of negligence which attaches to the killing of the livestock. For several days the herd of livestock had been upon the tracks at the same place. With that knowledge possessed by the train crew the jury could have concluded that the speed of the train could have been slackened and the accident avoided. The fact that the cattle were not seen until the train was almost upon them is some evidence of a failure to maintain a proper lookout. With further respect to lookout and speed it may have been significant to the jury that the cows were found 100 yards apart and on opposite sides of the track.

The instruction to which the appellant timely objected is as follows: "You are instructed that all railroads which are now operated in whole or in part in this State are responsible for all the damages to persons or property done or caused by the running of trains in this State."

We agree that the instruction is erroneous and calls for reversal of the judgment. The instruction is taken from Ark. Stat. Ann. § 73-1001 (Supp. 1971). The statute has been the law since 1875. The effect of our consistent holdings in scores of cases is that the statute is not to be taken literally; it creates a presumption that the damage is done from want of care but that presumption may be repelled by proof to the contrary. In a very real sense the instruction told the jury that if the train killed the cows the jury should find for the owner, and in that vein it smacks of a binding instruction. Such an instruction cannot be cured by other instructions.

Reversed and remanded.